Filed 3/9/22  In re C.L. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re C.L., A Person Coming Under the Juvenile Court Law. | B309198 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 18CCJ00256A) |
| Plaintiff and Respondent, | |
| v. | |
| B.V., | |
| Defendant and Appellant. | |

APPEALS from orders of the Superior Court of Los Angeles County, Kristen Byrdsong, Juvenile Court Referee.  Affirmed with  directions.

Maureen L. Keaney, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and Navid Nakhjavani, Principal Deputy County Counsel, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

In these consolidated appeals, mother B.V. filed notices of appeal from two postdisposition orders suspending her visitation with her son, C.L.  Mother's only contention on appeal is that the Los Angeles County Department of Children and Family Services (Department) did not comply with the Indian Child Welfare Act (ICWA; 25 U.S.C. § 1901 et seq.), because the Department never asked C.L.'s father whether he has any Indian ancestry.  Because the Department lost contact with father, and mother's parental rights have not been terminated, we conclude that reversal is not required.  We affirm the orders, but remand with instructions that the Department comply with ICWA's inquiry requirements if father is located.

### FACTUAL AND PROCEDURAL BACKGROUND

This family came to the attention of the Department in January 2018, after a report that mother allowed her boyfriend, the father of her youngest child (who is not at issue in this appeal), to have unlimited access to the children, notwithstanding his status as a registered sex offender and drug abuser.  C.L. and his younger half sister were detained and placed in foster care.

Mother denied any Indian heritage.  On January 16, 2018, mother filed a parental notification of Indian status form (ICWA-020) indicating that she has no Indian ancestry.

The whereabouts of C.L.'s father, Carlos, were unknown.  The Department conducted a due diligence search for father, and were able to locate him.  He was interviewed by phone on March 6, 2018.  Father was interested in placement of C.L. and agreed to have his home assessed by the Department.  However, father failed to return the Department's calls, and the Department was

unable to schedule an assessment.  The reports do not reflect that father was asked about his Indian heritage.

On May 10, 2018, the juvenile court sustained allegations against mother, removed C.L., and ordered that mother receive reunification services.

Over the course of the dependency, the Department was unable to reach father, and he never attended any court hearings. The Department initiated another due diligence search for him in August 2019, and sent letters to 11 addresses.  Father never responded.

Mother's reunification services have been terminated, and a permanency planning hearing is currently pending, scheduled for May 12, 2022.  The Department is still trying to find an adoptive placement for C.L.

The juvenile court never made any ICWA findings as to father.

## DISCUSSION

Congress enacted ICWA " 'to protect the best interests of Indian children and to promote the stability and security of Indian tribes and families.' " (*In re Isaiah W.* (2016) 1 Cal.5th 1, 8.)  ICWA requires notice to Indian tribes " 'In any involuntary proceeding in state court to place a child in foster care or to terminate parental rights where the court knows or has reason to know that an Indian child is involved.' " (*In re Isaiah W.*, at p. 8.)

Welfare and Institutions Code section 224.2 imposes on the juvenile court and the Department "an affirmative and continuing duty to inquire whether a child . . . is or may be an Indian child . . . ." (*Id.*, subd. (a).)  If there is "reason to believe [that an Indian child is] involved in a proceeding," further inquiry regarding the possible Indian status of the child "shall" be made,

including "[i]nterviewing . . . extended family members" to obtain the necessary information to notice the tribes. (*Id.*, subd. (e)(1) & (2)(A); see also Cal. Rules of Court, rule 5.481(a).)

Here, the Department concedes the record does not disclose whether father was asked about his Indian ancestry. Unfortunately, father stopped communicating with the Department, and the Department did not have another opportunity to ask him despite its consistent efforts to locate and contact him. Because mother's parental rights remain intact, and these proceedings are still pending, we see no reason to reverse the postdisposition orders from which mother appeals. If father is located, the Department must comply with its duties under ICWA. (Cal. Rules of Court, rule 5.481(a)(3) [the Department must use reasonable diligence to locate an absent parent and fulfill its inquiry duty under ICWA].)

## DISPOSITION

The orders are affirmed, and the juvenile court and Department are ordered to fulfill their duties under ICWA if father's whereabouts are discovered.


GRIMES, Acting P. J.

WE CONCUR:



STRATTON, J.          HARUTUNIAN, J.*

---

*       Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4